## IMPROPER TESTIMONY BY ARRESTING OFFICER AT TRIAL ON CHARGE OF POSSESSING LIQUOR.

Common Pleas Court of Hamilton County.

### DILLARD A. WALKER vs CITY OF CINCINNATI.

Decided, June, 1927.

*Evidence—At Trial on Liquor Possession Charge—Error to Allow Officer to Testify Accused Refused to Smell of Alleged Liquor Container—Self-Incrimination Provisions of Constitution—Testimony of Officer as to Previous Arrest Improper Where no Record of Conviction Offered and Accused's Character not in Issue.*

1. In prosecution on charge of illegal possession of intoxicating liquor, it is improper to allow the arresting officer to testify on direct examination that he had asked defendant to smell of a jug alleged to contain liquor and that accused had refused to do so, such evidence constituting a violation of the self-incrimination provisions of the State and Federal Constitutions.

2. Where the accused in such a prosecution has not introduced character evidence and has not taken the stand himself, it is error to admit statements of arresting officer as to a previous arrest, especially where no record of a previous conviction is offered.

*Arthur C. Fricke,* for plaintiff in error.
*Carl W. Rich,* for defendant in error.

SHOOK, J.

This cause comes into this court upon error proceedings from a conviction of plaintiff in error in the Municipal Court of Cincinnati, based upon a warrant charging him with the unlawful possession of intoxicating liquor in violation of an ordinance of the city of Cincinnati. We will refer to the parties in the order in which they appear in the Municipal Court, plaintiff in error being the defendant below.

The arresting officers testified that they found a half pint of so-called moonshine liquor in the cellar of the premises where defendant lived. The record also shows that there were seven or eight other people living at the same address. The defendant protested his innocence at the time of the arrest. Further, the defendant's wife testified that the seven or eight people, who were boarders with the defendant and his wife, had access to the cellar.

One of the officers testified that this half pint of liquor was in a gallon jug and that he asked the defendant to smell it, which he refused to do. The specific answer given by the officer (page 4 R.) is:

"A.    I picked up a gallon jug on the sink, showed it to him.  It smelled of moonshine.  I asked him to smell it. He wouldn't do it."

The defendant objected and noted his exception to the admission of the above answer.

The defendant did not take the witness stand.

Further over the objection of counsel for defendant, in the first instance the state was permitted to place in evidence statements of the arresting officers to effect that defendant had been arrested the week before for the illegal possession of liquor.  The state did not offer the record of any conviction; in fact, the testimony of the officer did not contain any statement made by the defendant, but was a conclusion only.  The record shows the following situation (pages 6 and 7):

"A.    The conversation was in regard to the arrest.  He was arrested the week before.
Counsel for defense: We object.
The Court: Overruled.
Counsel for defense: Exception.
Q.    What was that arrest for?
Counsel for defense: We object.
The Court: Overruled.
Counsel for defense: Exception.
A.    Moonshine.
Q.    You had a conversation with the defendant?
Counsel for defense: We object.
The Court: Overruled.
Counsel for defense: Exception.
Q.    What was that conversation?
Counsel for defense: We object.
The Court: Overruled.
Counsel for defense: Exception.
Q.    What was that conversation, officer?
Counsel for defense: Note my objection and exception.
A.    I asked him in regard to the other arrest, which was just a week previous to this.  At that time we got twenty-five gallons of moonshine.
Counsel for defense: We object.  Counsel for defense asks that that be stricken out.

The Court: The voluntary statement regarding how much liquor was found in the previous arrest may be stricken from the record, Mr. Prosecutor, that was not part of the conversation.

Counsel for defense: Neither are his previous arrests or convictions, your Honor."

It will be seen that what the defendant stated was not given, but that the character of the defendant was placed in issue by the state by a conclusion of the arresting officer prior to the time of the offering of the defense. If the defendant had taken the witness stand we believe that the matter of his arrest would have been a proper subject of cross examination, as a test of his credibility. However, we believe that prejudicial error was committed by the trial court in the respect mentioned. That the court recognized this to be the law is shown on page 4 of the Bill of Exceptions in the following question and answer and ruling of the court:

"Q.    What did the defendant say about that liquor when you arrested him?

A.    He said he didn't know how it got there. We asked him if he hadn't been arrested before—

Counsel for defense: We object.

The Court: Sustained."

The general rule is stated in *Griffin* v. *State,* 14 O. S., 56, in syllabus 5:

"Upon the trial of a criminal cause, a defendant may give evidence of his general good character; and such evidence may thereupon be rebutted or disproved by the prosecution; but it is not competent to rebut such evidence of good character by proof of a bad local reputation, limited to a community or neighborhood remote from the defendant's residence, where he has never lived, and where he is not shown to be generally known or acquainted; nor by proof of reports relating to particular facts."

On page 63 is the following statement of the law, which has always been followed in practice, so far as we can learn:

"Upon the trial of a criminal cause the prosecution can not offer evidence to impeach the general character of the defendant, till he has put it in issue by calling witnesses to prove his good general character."

That a defendant who submits to cross examination may be asked a question about a previous arrest, for the purpose of affecting his credibility, is determined by the case of *Hanoff* v. *State*, 37 O. S., 178, syllabus 2:

"The plaintiff in error was indicted for murder, and on his trial gave testimony in his own behalf; on cross examination by the state he was asked, if he had not been once arrested for an assault with intent to kill, to which question he objected, but the court overruled his objection, thereupon without claiming his privilege he answered: *Held*, that the limits of such a cross examination on matters not relevant to the issue for the purpose of judging of his character and credit from his own voluntary admissions, rest in the sound discretion of the court trying the cause, and the judgment will not be reversed unless it appears from the record that such discretion has been abused to the prejudice of the party."

See page 180:

"If error would not lie to a like cross examination of any other witness, as to his previous conduct, for the purpose of affecting his credibility, we see no reason why it should, when a party himself is the witness. The object and importance of a cross examination of a defendant is the same, and therefore the rules governing it should be the same. In matters collateral and irrelevant to the particular charge, it is difficult to define with precision the limits of such cross examination when the object is to test the credibility of a witness."

Authorities are carefully reviewed in the *Hanoff case, supra,* supporting the principle involved. All of the authorities restrict the manner of cross examination of the defendant to this extent within the discretionary powers of the court. In other words, the court must use sound discretion, an abuse of which would be the subject of reversible error.

We therefore feel that the court erred in two respects:

First, in allowing the officer to testify, over the objection of defendant, that defendant had refused to smell the jug containing the moonshine.

This was in violation of the constitutional rights of defendant. Section 10, of Article 1, of the Bill of Rights, of the Constitution of the state of Ohio, concludes with this language:

"No person shall be compelled in any criminal case to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel.  No person shall be twice put in jeopardy for the same offense."

This testimony of the officer also contravened the constitutional rights of this defendant as guaranteed under the Constitution of the United States in the Fifth Amendment to the Constitution, in the following language:

"Nor shall be (that is no person) compelled in any criminal case to be a witness against himself."

The court also erred in permitting the state to impeach the character of this defendant prior to the development of the defendant's case, especially in the manner in which it was done.

As already stated, there was no record of conviction offered, nor was there any conversation of the defendant given supporting the matter of the previous arrest.  The answers given were conclusions and the court is unable to say upon what opinion the officer based such statements.

At any rate, it is important in principle that the constitutional and orderly procedure of criminal justice should be carefully safeguarded.

We have very carefully studied this record and we believe that these errors were substantially and extremely prejudicial to the defendant and prevented him from having a fair trial.

We have taken into consideration the practical phases of trial work in the Municipal Court; we understand that the court is overburdened and that some latitude should be allowed the lower court in its decisions.  The witnesses are before the court and very often by their conduct and demeanor upon the witness stand the trial court may gather some information which it is impossible to get into the typewritten record.  However, we do not believe that the objections are captious or trivial, but substantial in their nature.

Therefore, the judgment must be, and it is hereby, reversed.